

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAR 1 2 2008

J. T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHELIA STAPLETON                                          PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:08cv155WHB-LRA

VALLEY SERVICES INC.                                      DEFENDANT

## COMPLAINT
(Jury Trial Demanded)

COME NOW, Plaintiff Shelia Stapleton, by and through their attorney, Lisa M. Ross, and file this her Complaint against the Defendant, as follows:

### JURISDICTION AND VENUE

1.      This suit is authorized and instituted pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq.; Civil Rights Act of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983, Fifth Amendment and Fourth Amendment of the United States and Mississippi Constitutions. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000E-5(f), 28 U.S.C. § 1343(a)(3) & (4), and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2202. Plaintiffs also invoke this Court's pendent jurisdiction over Plaintiffs' state law claims of breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring supervision and retention.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to these claims acts complained of by Plaintiffs occurred in Jackson, Mississippi.

## PARTIES

3. Plaintiff Shelia Stapleton is an adult African American resident citizen of Rankin County, Mississippi, residing at 204 Morrow Street, Brandon, Ms. 39042.

4. Defendant Valley Services Inc., is a Mississippi corporation, and at all times herein was the employer of Shelia Stapleton. Valley Services Inc. may be served with process of this Court by serving a copy of the Summons and Complaint upon its registered agent Greg Shoemaker at 4400 Mangum Drive, Jackson, MS. 39288.

## STATEMENT OF FACTS

5. During the period from on or about December 2006 through April of 2007, Plaintiff Shelia Stapleton reported to her supervisor Janice Owens and Janice Owens' supervisor Jason Breland that Robert Moore a co-worker was making unwanted and unwelcomed sexual advances toward her.

6. After Shelia Stapleton reported Robert Moore's unwanted and unwelcomed sexual advances, Robert Moore was moved to the second shift. Shelia Stapleton continued to work on the first shift, which started at 2:30 a.m. and ended at 11 a..m. Robert Moore was subsequently returned to the first shift but he was not scheduled to report to work until 4 a.m.. As the supervisor, Shelia Stapleton was required to report to work 30 minutes before the inmates and one and one-half hours before truck drivers like Robert Moore.

7. When Robert Moore was returned to the first shift, he began reporting to work before he was scheduled to clock in at 4 a.m.. Because Shelia Stapleton was afraid of Robert Moore, she oftentimes would clock in and return to her car to await the arrival of inmates to avoid contact with Robert Moore. Shelia Stapleton reported that Robert Moore was coming in before the start of his shift. Shelia Stapleton was transferred to the 2nd shift.

2

8. Upon information and belief, Plaintiff Shelia Stapleton was subjected to a sexually hostile work environment, and when she reported the matter to Valley Services, Inc., Valley Services, Inc. failed to take swift remedial action.

9. In fact, Valley Services Inc., retaliated against Plaintiff Shelia Stapleton because she engaged in protected activity. More specifically, Valley Services Inc. returned Robert Moore to the same shift as Shelia Stapleton when Valley Services, Inc. was aware that Robert Moore's conduct interfered with Shelia Stapleton's ability to perform her job duties. Valley Services, Inc. fired Shelia Stapleton in April of 2007 allegedly for excessive absenteeism.

10. Within Defendant Valley Services, Inc., a permissive and encouraging environment for sex discrimination and sexual harassment reigns among supervisors, managers and employees.

## CAUSE OF ACTIONS

## SEXUALLY HOSTILE WORK ENVIRONMENT

11. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

12. Plaintiff contends that Robert Moore's repeated unwanted and unwelcomed sexual advances had the effect of unreasonably interfering with the Plaintiffs' work performance and creating an intimidating, hostile and offensive working environment.

13. Upon information and belief, Defendant Valley Services, Inc. knew or should have known of Robert Moore's sexual misconduct as Plaintiff Shelia Stapleton reported this matter to her immediate supervisor in December of 2006.

14. As a proximate consequence of the actions of Robert Moore and Valley Services, Inc, the Plaintiff suffered emotional harm.

## RETALIATION

15. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

16. Plaintiff contend Valley Services, Inc. retaliated against Shelia Stapleton by terminating her employment while retaining employees and treating employees who committed offenses Shelia Stapleton is alleged to have committed more favorably than Shelia Stapleton. This had the effect of unreasonably interfering with Shelia Stapleton's interest in continual employment with Valley Services, Inc..

17. Upon information and belief, Defendant Valley Services Inc. knew or should have known that its employees were retaliating against Shelia Stapleton because Shelia Stapleton complained about Robert Moore's unwanted and unwelcomed sexual advances toward her.

18. As a proximate consequence of the actions of the Defendant, Shelia Stapleton suffered emotional harm.

## BREACH OF CONTRACT

19. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

20. Plaintiff contends her supervisors at Valley Services Inc., used their apparent authority to cause Shelia Stapleton's at-will employment contract to be terminated.

21. Upon information and belief, Defendant Valley Services, Inc. knew or should have known that it was breaching Shelia Stapleton's contract and that Shelia Stapleton should not have been removed from her position because she reported a co-worker unlawful conduct to her supervisors.

22. As a proximate consequence of the actions of Defendant, Shelia Stapleton suffered economic harm.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

24. Plaintiff contends that the Defendant's failure to end the inappropriate conduct is outrageous and beyond all decency.

25. As a proximate consequence of the actions of Defendant, the Plaintiff was armed.

4

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

27. Plaintiff contends that the Defendant knew or should have known that Robert Moore's conduct was outrageous and beyond all decency and it would cause harm to the Plaintiff.

28. As a proximate consequence of the actions of Defendant, the Plaintiff was harmed.

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

29. Defendant Valley Services Inc., breached its duties to Plaintiff by negligently hiring, supervising and continuously retaining Robert Moore, who engaged in outrageous conduct against the Plaintiff. The defendant's failure to adopt and implement policies, procedures, and practices to prevent Robert Moore from being hired or retained by Valley Services Inc., was a direct cause of Plaintiff's injuries and violated Plaintiff's rights secured under state and federal law.

30. As a result of the negligent hiring, supervision and retention of Defendant Valley Services, Inc., the Plaintiff has suffered and will continue to suffer harm and damages as alleged herein and seek an award of compensatory and punitive damages as prayed for below.

## DAMAGES

31. As a consequence of the foregoing misconduct of the defendant, Plaintiff Shelia Stapleton sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation.

32. As a consequence of the foregoing misconduct of the Defendant, Plaintiff Shelia Stapleton has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

33. Plaintiff requests that the Court issue the following relief:

a. Enter declaratory relief declaring that the Defendant have engaged in sexually hostile work place, breach of contract, intentional infliction of emotional distress, negligent infliction of

5

emotional distress, breach of contract, and negligent hiring and retention against Shelia Stapleton, and enjoining the Defendant from in the future engaging in such discrimination and retaliatory practices.

b. Enter temporary and permanent injunctions restraining the Defendant from discriminating, harassing and retaliating against the Plaintiff because she engaged in protected activity;

c. Award Plaintiff Shelia Stapleton reinstatement or in the alternative front pay, equitable back pay, economic damages for her lost pay and fringe benefits, together with compensatory and punitive damages for intentional sex discrimination and harassment in the amount to be determined by a jury of their peers.

d. Award Plaintiff attorney fees, costs and expenses of litigation and;

e. Award such other relief to which Plaintiff may be entitled under law.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Shelia Stapleton demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the ___ day of March, 2007.

SHELIA STAPLETON

By: _____
Lisa M. Ross, Esq.
MSB# 9755
P.O. Box 11264
Jackson, MS 39283-1264
(601) 981-7900 (telephone)
(601) 981-7917 (facsimile)

Attorney for Plaintiff