# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **SHELIA STAPLETON,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **Case Number:** |
| ) | **3:08-CV-155-WHB-LRA** |
| **VALLEY SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT VALLEY SERVICES, INC.'s
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Valley Services, Inc. (hereinafter referred to as "Valley"), by and through its undersigned counsel, hereby answers the allegations of Plaintiff's Complaint and states defenses as follows:

## JURISDICTION AND VENUE

1.  Plaintiff's characterization of her Complaint in paragraph 4 does not require a response by Valley except that it denies that it violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"); the Civil Rights Act of 1866, 42 U.S.C. § 1981; 42 U.S.C. § 1983; and/or the Fifth and Fourth Amendments to the United States and Mississippi Constitutions. Valley further denies that Plaintiff has any state law cause of action for breach of contract, intentional inflection of emotional distress, negligent inflection of emotional

distress, or negligent hiring, supervision or retention. Valley further denies that Plaintiff is entitled to declaratory relief. The jurisdictional allegations of this paragraph do not require a response by Valley.

2. Valley admits that venue is properly laid in this Court.

## PARTIES

3. Valley admits, on information and belief.

4. Valley admits.

## FACTUAL ALLEGATIONS

5. Valley admits that one time Plaintiff complained about Robert oore, which complaint was fully investigated and found to be without substance. Valley avers that it took prompt, effective action to address Plaintiff's complaint. Valley denies the remaining allegations of paragraph 5.

6. Valley admits that Moore's shift was changed, with the clarification that many shifts were changed in order to meet the contract requirements of Valley's customers.

7. Valley denies the allegations of paragraph 7.

8. Valley denies the allegations of paragraph 8.

9. Valley admits that it terminated the Plaintiff's employment effective April 17, 2007 for violation of Valley's attendance policy. Except as expressly admitted, Valley denies the allegations of paragraph 9.

10. Valley denies the allegations of paragraph 10.

## ALLEGED CAUSES OF ACTION

## ALLEGED SEXUALLY HOSTILE WORK ENVIRONMENT

11. Valley reasserts its responses to paragraphs 1 – 10 as though fully set forth herein.

12. Valley denies the allegations of paragraph 12.

13. Valley denies the allegations of paragraph 13.

14. Valley denies the allegations of paragraph 14.

## ALLEGED RETALIATION

15. Valley reasserts its responses to paragraphs 1 – 14 as though fully set forth herein.

16. Valley denies the allegations of paragraph 16.

17. Valley denies the allegations of paragraph 17.

18. Valley denies the allegations of paragraph 18.

## ALLEGED BREACH OF CONTRACT

19. Valley reasserts its responses to paragraphs 1 – 18 as though fully set forth herein.

20. Valley denies the allegations of paragraph 20 and expressly denies that Plaintiff has any cognizable claim under an "at will" employment relationship.

21. Valley denies the allegations of paragraph 21 and expressly denies that Plaintiff had any contract of employment.

22. Valley denies the allegations of paragraph 22.

**ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

23. Valley reasserts its responses to paragraphs 1 – 22 as though fully set forth herein.

24. Valley denies the allegations of paragraph 24.

25. Valley denies the allegations of paragraph 25.

**ALLEGED NEGLIGENT INFLICTICTION OF EMOTIONAL DISTRESS**

26. Valley reasserts its responses to paragraphs 1 – 25 as though fully set forth herein.

27. Valley denies the allegations of paragraph 27.

28. Valley denies the allegations of paragraph 28.

**ALLEGED NEGLIGENT HIRING, SUPERVISION AND RETENTION**

29. Valley denies the allegations of paragraph 29.

30. Valley denies the allegations of paragraph 30.

**ALLEGED DAMAGES**

31. Valley denies the allegations of paragraph 31.

32. Valley denies the allegations of paragraph 32.

33. Valley denies each and every material allegation of Plaintiff's Complaint not herein expressly admitted, and demands strict proof thereof.

## ALLEGED PRAYER FOR RELIEF

34. Valley denies that Plaintiff is entitled to judgment against it and denies that Plaintiff is entitled to the relief requested or to any other relief.

## FIRST DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that she failed to fulfill all requisite administrative conditions precedent to filing suit under Title VII of the Civil Rights Act of 1964.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to mitigate her alleged damages, if any.

## FIFTH DEFENSE

Plaintiff's claims for equitable relief are barred, in whole or in part, to the extent that she has unclean hands.

## SIXTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by acquiescence, waiver, consent and/or estoppel.

## SEVENTH DEFENSE

All decisions made and actions taken by Valley were made or taken for legitimate, non-discriminatory and non-retaliatory reasons that were not pretextual.

## EIGHTH DEFENSE

Assuming, arguendo, that Valley acted with an unlawful motive, though it did not, it would have taken or made the same actions or decisions with regard to Plaintiff in the absence of said alleged unlawful motive.

## NINTH DEFENSE

Assuming arguendo, any unlawful acts occurred, though they did not, Plaintiff's claim for punitive damages is barred by Valley's good faith efforts to comply with Title VII and other anti-discrimination and anti-retaliation statutes.

**TENTH DEFENSE**

The imposition of punitive damages would violate the Fourth, Fifth, Sixth and/or Eighth Amendments to the United States Constitution because: (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

**ELEVENTH DEFENSE**

Assuming, arguendo, any unlawful acts occurred, though they did not, Valley is not liable for punitive damages because it did not authorize or ratify any allegedly discriminatory acts.

**TWELFTH DEFENSE**

Assuming, arguendo, any unlawful acts occurred, though they did not, Plaintiff's claim for punitive damages is barred because Valley was not reckless in hiring anyone who allegedly committed discriminatory acts.

**THIRTEENTH DEFENSE**

Valley is not liable for punitive damages because it did not recklessly disregard Plaintiff's rights.

## FOURTEENTH DEFENSE

Any unlawful conduct, if it occurred, was outside the line and scope of employment of agents of Valley.

## FIFTEENTH DEFENSE

Plaintiff's claims would be barred to the extent that she welcomed, consented to, acquiesced in or otherwise waived objections to any alleged unlawful conduct.

## SIXTEENTH DEFENSE

Plaintiff's harassment claims are barred because Valley (a) had effective preventive and corrective complaint mechanisms in place, and (b) Plaintiff did not take advantage of the complaint mechanisms, or otherwise failed to avoid harm.

## SEVENTEENTH DEFENSE

To the extent that the Plaintiff unreasonably delayed in reporting or complaining of any alleged unlawful conduct, her claims are barred by the doctrine of laches.

## EIGHTEENTH DEFENSE

Valley's actions with respect to Plaintiff were not made under color of state law or in any state or governmental capacity.

## NINETEENTH DEFENSE

Valley's actions with respect to Plaintiff do not constitute state action.

**TWENTIETH DEFENSE**

At all times, Plaintiff's employment with Valley was at will; there was no contract between Valley and Plaintiff.

**TWENTY-FIRST DEFENSE**

To the extent that any contract existed (it did not), Valley did not breach such contract.

**TWENTY-SECOND DEFENSE**

The facts alleged in this Complaint do not give rise to a claim under 42 U.S.C. § 1981.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Valley's actions were justified.

**TWENTY-FOURTH DEFENSE**

Valley reserves the right to assert any and all defenses available to it under Title VII of the Civil Rights Act of 1964 or any other statute upon which the Plaintiff seeks to premise her claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Valley Services, Inc. respectfully requests this honorable Court, after due proceedings are had, to enter judgment in its favor, dismissing Plaintiff's claims in their entirety and awarding to it a reasonable attorneys' fee.

        Respectfully submitted,


        s/ Jonathan S. Harbuck
        Jonathan S. Harbuck (MSB# 101877)
        Attorney for Defendant
        Valley Services, Inc.


**OF COUNSEL:**

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile:  (205) 458-9500
E-mail: jsh@johnstonbarton.com
E-mail: jab@johnstonbarton.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Lisa M. Ross, Esq.
    P.O. Box 11264
    Jackson, Mississippi 39283-1264
    (601) 981-7900


                                      s/ Jonathan S. Harbuck
                                      Of Counsel

W0643524.DOC